## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| **TONAQUINT, INC., a Utah corporation,**<br><br>**Plaintiff,**<br><br>v.<br><br>**CYCLONE POWER TECHNOLOGIES, INC., a Delaware corporation,**<br><br>**Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No.  2:15-CV-00536-PMW**<br><br>**Magistrate Judge Paul M. Warner** |

The matter before the court is Tonaquint, Inc.'s ("Plaintiff") motion to strike[1] Cyclone Power Technologies, Inc.'s ("Defendant") answer document[2] entitled "CYCLONE POWER TECHNOLOGIES INC ANSWER, AFFIRMITIVE DEFENSES, COUNTERCLAIM AND CROSSCLAIM TO AMENDED COMPLINT."  Plaintiff also seeks a court order striking all Defendant's pleadings filed through Frankie Fruge.  Ms. Fruge is the President and Director of Cyclone Power Technologies Inc., and is attempting to file pleadings pro se, on behalf of Defendant.

It is well established under Tenth Circuit precedence that a corporation is not allowed to appear pro se.  *See, e.g.*, *Harrison v. Wahatoyas, L.L.C*, 253 F.3d 552, 556 (10th Cir. 2001) ("As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se."); *DeVilliers v. Atlas*

---

[1] Docket no. 10.

[2] Docket no. 6.

*Corp.,* 360 F.2d 292, 294 (10th Cir. 1966) ("[A] corporation can appear in a court of record only by an attorney at law."); *Flora Constr. Co. v. Fireman's Fund Ins. Co.*, 307 F.2d 413, 414 (10th Cir. 1962) ("The rule is well established that a corporation can appear in a court of record only by an attorney at law").  This principle has also been established by the United States Supreme Court.  *See, e.g.*, *Rowland v. California Men's Colony*, 506 U.S. 194, 201-202 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.").  Finally, this principle can also be found in the court's local rules; "No corporation, association, partnership or other artificial entity may appear pro se but must be represented by an attorney who is admitted to practice in this court."  DUCivR 83-1.3(c).

Ms. Fruge who has signed the "answer" and purports to be the "President" of Defendant, has made no representation that she is an attorney admitted to the bar of any state.  A court conducted search does not identify any lawyers admitted to the Utah or Florida State Bars with the last name "Fruge."[3]  Because corporations must be represented by an attorney when appearing before any court of record, and it appears that Ms. Fruge is not an attorney, Plaintiff's motion to strike is **GRANTED**.

The court notes that Defendant requested a change of venue in its answer.[4]  As this request was improper because it was made pro se, it is stricken along with any other pleadings filed by Ms. Fruge in this matter.  Based on the foregoing, Defendant will have 21 days to notify the court of its representation by an attorney admitted to practice law in Utah or as pro hac vice

---

[3] https://services.utahbar.org/Member-Directory, www.floridabar.org/wps/portal/flbar/home/directories/MBR.

[4] Docket no. 7 at 1.

counsel.  This shall be done by filing a notice of appearance.  Failure to abide by this order may result in a default judgment entered against Defendant.

**IT IS SO ORDERED**.

DATED this 22nd day of March, 2016.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge