IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TONAQUINT, INC., a Utah corporation<br><br>    Plaintiff,<br><br>v.<br><br>CYCLONE POWER TECHNOLOGIES, INC., a Delaware corporation,<br><br>    Defendant. | **MEMORANDUM DECISION DENYING APPLICATION FOR WRIT OF GARNISHMENT**<br><br>Case No. 2:15-CV-00536-BSJ<br><br>District Judge Bruce S. Jenkins |

On July 13, 2016, the court entered Default Judgment in favor of Tonaquint, Inc. ("Tonaquint") against Cyclone Power Technologies, Inc. ("Cyclone") in the amount of $171,299.56 plus attorney fees and other legal costs.[1] Further, the court awarded post-judgment interest at the rate of 22% per annum.[2]

On September 15, 2017, Tonaquint filed an Application for Writ of Garnishment, which identified Transfer Online, Inc. ("Transfer Online")—Cyclone's transfer agent holding authorized but unissued Cyclone common stock—as garnishee.[3] The Application identified Transfer Online's location as Portland, Oregon.[4] On September 20, 2017, Tonaquint filed

---

[1] CM/ECF No. 24.

[2] *Id.*

[3] CM/ECF No. 25.

[4] *Id.*

supplemental briefing outlining its position regarding the court's authority to issue a writ of garnishment against an out-of-state non-party.[5]

A hearing on the matter came before the court on October 6, 2017. Brigman Harman appeared on behalf of Tonaquint. At the close of argument, the court ruled from the bench, denying Tonaquint's Application for Writ of Garnishment.

Consistent with the court's oral ruling, the court herein finds it lacks authority to issue a writ of garnishment against an out-of-state non-party. Under the Federal Rules of Civil Procedure, the court applies Utah's procedural rules regarding garnishment—Utah R. Civ. P. 64 and Utah R. Civ. P. 64D.[6] Tonaquint does not point to any specific Utah procedural rules allowing the court to issue a writ of garnishment against an out-of-state garnishee regarding out-of-state property. Instead, Tonaquint cites to a footnote in the Utah Supreme Court case *Aequitas Enterprises, LLC v. Interstate Inv. Grp., LLC*, which quotes a New York opinion for the proposition that "a ... court with personal jurisdiction over a defendant may order him to turn over out-of-state property regardless of whether the defendant is a judgment debtor or a garnishee."[7]

The court, however, finds that the Utah Supreme Court's decision in *Aequitas Enterprises* supports a determination in the present case that the court does not have authority to issue a writ of garnishment against Transfer Online.

As an initial matter, the footnote quotation Tonaquint points to in *Aequitas Enterprises* refers to the court's ability to order a *defendant* to turn over out-of-state property. Such is not

---

[5] CM/ECF No. 26.

[6] *See* Fed. R. Civ. P. 69(a); *see also Adams v. Gen. Accident Assurance Co. of Canada*, 133 F.3d 932 (10th Cir. 1997).

[7] 2011 UT 82, ¶ 10 n.7, 267 P. 3d 923, 926 (quoting *Koehler v. Bank of Bermuda Ltd.*, 12 N.Y.3d 533, 541, 911 N.E.2d 825, 831 (2009)).

2

applicable in the present case, where the proposed garnishee—Transfer Online—was never a party.

Furthermore, even though the Utah Supreme Court in *Aequitas Enterprises* was itself dealing with parties subject to the district court's personal jurisdiction, the Utah Supreme Court still found that the district court lacked authority to enter an extraterritorial prejudgment writ of attachment.[8] The Utah Supreme Court analyzed Utah's procedural rules for obtaining a writ of attachment—Utah R. Civ. P. 64 (Writs in general), 64A (Prejudgment writs in general), and 64C (Writs of attachment)—and found that the absence of any reference in the rules to authority to issue extraterritorial writs of attachment was intentional and signified that no such authority exists.[9] In the present case, the same conclusion is warranted. The Utah rules governing writs of garnishment contain no language authorizing Utah courts to issue writs against out-of-state non-parties regarding out-of-state property. The court concludes such absence is intentional and indicates that the court does not have authority to issue a writ of garnishment against Transfer Online.

For these reasons, the court finds Tonaquint's Application for Writ of Garnishment is DENIED.

DATED this 17th day of October, 2017.

Bruce S. Jenkins
United States Senior District Judge

---

[8] *See id.* at ¶¶ 11, 22.

[9] *See id.* at ¶ 17. Indeed, the Utah Supreme Court found that ruling otherwise would prove problematic, as Utah R. Civ. P. 64(d)(1) "instructs 'the clerk of the court [to] issue the writ [for seizure of real property] to the sheriff of the county in which the real property is located,'" but "Utah court have no authority to direct sheriffs of other states' counties to seize property." *See id.* at ¶ 17 (internal footnote omitted).